FILED

AUG 07 2019

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                    DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND THOMAS GARCIA, Jr., Booking #1902300268,<br><br>Plaintiff,<br><br>vs.<br><br>RAYMOND MADDEN, Superintendent / CSP Warden,<br><br>Defendant. | Case No. 3:19-cv-00647-WQH-BGS<br><br>**ORDER DISMISSING CIVIL ACTION FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2) AND § 1915A(b) AND FOR FAILING TO PROSECUTE IN COMPLIANCE WITH COURT ORDER REQUIRING AMENDMENT** |

Plaintiff Raymond Thomas Garcia, Jr., formerly incarcerated at the San Bernardino County Sheriff Department's Central Detention Center, and proceeding pro se, submitted this civil rights action pursuant to 42 U.S.C. § 1983 on April 5, 2019, together with a motion to proceed in forma pauperis, and followed by several miscellaneous filings. (*See* ECF Nos. 1, 2, 4, 7.)

While the basis for his claims was not at all clear, the Court liberally construed Plaintiff's Complaint as a challenge to the validity of both his past terms of imprisonment, as well as his current term of confinement. (*See* Compl., ECF No. 1 at 1, 4-5, 11-13.) Plaintiff sought monetary damages for every day he claims to have been "wrongfully held" dating back to 2008, and he alleged Defendant Madden, the Warden of Centinela State

1

Prison, together with the California Department of Corrections and Rehabilitation, and other state prison and Bureau of Prison Terms officials were liable for having miscalculated his custody credits and lengthening his term of imprisonment. (*Id.* at 5, 8, 11-13.)

## I. Procedural History

On June 5, 2019, the Court granted Plaintiff leave to proceed in forma pauperis, but dismissed his Complaint for failing to state any claim upon which relief could be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b), and denied his miscellaneous motions as moot. (*See* ECF No. 8.) Plaintiff was advised of his pleading deficiencies, and the Court gave him forty-five days in which to file an amended complaint that fixed them. (*Id.* at 4-9.) Plaintiff was also cautioned, however, that if he failed to file an amended complaint that alleged a plausible claim for relief and complied with Fed. R. Civ. P. 8(a) within that time, the Court would dismiss his case. (*Id.* at 8-9 & n.2; *see also Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into a dismissal of the entire action.")).

Two months have passed since the Court issued its June 5, 2019 Order, and more than two weeks have come and gone since Plaintiff's amended complaint was due. But to date, Plaintiff has not filed an amended complaint, and has not requested an extension of time in which to do so.[1] "The failure of the plaintiff eventually to respond to the court's

---

[1] On June 10, 2019, just five days after the Court issued its Order, Plaintiff filed a Notice of Change of Address. (*See* ECF No. 9.) When the Court's June 5, 2019 Order was returned undelivered by the U.S. Post Office with a notation that Plaintiff was no longer in custody on June 18, 2019, the docket reflects the Clerk of Court re-mailed the Court's June 5, 2019 Order to Plaintiff at his new address in Rialto, California. (*See* ECF No. 8). The June 18, 2019 re-mailing has *not* been returned undelivered. When "[o]fficial court records show that the order ... was mailed to [a party]'s address of record," that "is enough to raise the applicable presumption" that the party received the document. *Sabbath v. United States*, No. LA CR 07-01130-VBF, 2015 WL 13048618, at *2 (C.D. Cal. Jan. 18, 2015); *Quansah v. 7-Eleven Store No. 25561*, 2009 WL 1885621, *2 (N.D. Cal. June 30, 2009).

2

ultimatum–either by amending the complaint or by indicating to the court that [he] will not do so–is properly met with the sanction of a Rule 41(b) dismissal." *Edwards v. Marin Park*, 356 F.3d 1058, 1065 (9th Cir. 2004).

## II. Conclusion and Orders

Accordingly, the Court **DISMISSES** this civil action in its entirety without prejudice based on Plaintiff's failure to state a claim upon which § 1983 relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1), and his failure to prosecute pursuant to Fed. R. Civ. P. 41(b) in compliance with the Court's June 5, 2019 Order.

The Court further **CERTIFIES** that an IFP appeal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) and **DIRECTS** the Clerk to enter a final judgment of dismissal and close the file.

**IT IS SO ORDERED.**

Dated: 8/6/19

Hon. William Q. Hayes
United States District Judge